STATE OF MINNESOTA *vs.* JONATHAN WOLL.

Submitted on briefs Nov. 15, 1892. Decided Nov. 28, 1892.

**Evidence Considered.**
    Evidence *held* sufficient to sustain the verdict.

Appeal by defendant, Jonathan Woll, from an order of the District Court of Stearns County, *Searle,* J., made July 30, 1892, refusing him a new trial.

Defendant was indicted by the grand jury of Stearns County for committing a public nuisance by willfully and unlawfully obstructing a public highway through his land in the town of St. Augusta. He pleaded not guilty, admitted the obstruction, but claimed the *locus in quo* was not a highway. Under Laws 1858, ch. 101, § 14, commissioners surveyed and located this road, but the judge charged the jury that the act was unconstitutional and void, and all proceedings under it utterly worthless. He also said to the jury that if the road was used, kept in repair, and worked for six years continuously as a public highway at any time since February 26, 1877, it is deemed to have been given to the public by the landowner, and is a public highway. 1878 G. S. ch. 13, § 47. He also said that if the landowner had the intention to give to the public a road over his land, and he did overt acts in pursuance of, and showing such intention, and if the public accepted the gift, this would make a road by com-

mon-law dedication. There was evidence that at one time while Woll lived on the land the road was fenced on both sides, and so remained for several years, and the public traveled it. The jury found the defendant guilty. He asked for a new trial, but was refused.

*George W. Stewart,* for appellant.

No evidence can be found in the case which will justify a finding that the road in controversy had been dedicated to public use by the defendant. The evidence that both sides of this road were fenced at one time does not tend to prove anything. It was not shown by whom the fences were built, or when, or how long they were maintained; nor was there proof connecting defendant with the building of them, in any manner whatever. The testimony of the defendant himself, which is not disputed, is that he obstructed this highway more than three hundred times in the last thirty years, and that his purpose was to prevent the acquirement by the public of any right in his land. *Morse* v. *Zeize,* 34 Minn. 35.

*Moses E. Clapp,* Attorney General, and *Oscar Taylor,* County Attorney, for respondent.

There was sufficient evidence submitted to the jury to justify the verdict. The charge to the jury was very guarded and was correct. One witness testified that he had known the road for thirty years, and had traveled it more or less during that time; that it was a traveled road when he first knew it; that it had been in continual public use ever since; that it had been kept in repair at the place of obstruction more than ten years by the public, and that fences had been constructed on each side of the road and maintained for several years.

GILFILLAN, C. J. Though the evidence in the case was not so full and satisfactory as might be desired, there was enough to make it a question for the jury whether the way in controversy had become a public highway, either by common-law dedication, or, under the statute, by continuous user for the period prescribed.

Order affirmed.

(Opinion published 53 N. W. Rep. 759.)